UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANA RIESS and CHRISTOPHER RIESS<br><br>        Plaintiffs,<br><br>    v.<br><br>TARGET CORPORATION, JOHN/JANE DOES 1-20 and/or ABC CORPORATIONS 1-20, fictitious corporations and/or commercial entities, j/s/a<br><br>        Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 10-cv-00737<br><br>**OPINION** |

**APPEARANCES:**

Joel Wayne Garber, Esq.
GARBER LAW
The Greens of Laurel Oak
1200 Laurel Oak Rd., Ste. 104
Voorhees, NJ 08080
        Counsel for Plaintiffs

Matthew W. Bauer, Esq.
CONNELL FOLEY LLP
85 Livingston Ave
Roseland, NJ 07068
        Counsel for Defendant, Target Corporation

**IRENAS**, Senior District Judge:

    Plaintiffs, Dana and Christopher Riess (the "Riesses"), brought this negligence and loss of consortium action in New Jersey, but their claims arise out of events that occurred in the

1

Middle District of Florida. The Riesses are New Jersey residents, and Defendant Target Corporation ("Target") operates stores nationwide, including in New Jersey. Before the Court is Target's motion to transfer venue to the Middle District of Florida. Because it would be more burdensome for the Riesses to pursue their claims in Florida than it would be for Target to defend itself in New Jersey, and considering the Riesses' choice of forum, this Court will deny Target's motion to transfer venue to the Middle District of Florida.

## I.

The Complaint, filed on December 30, 2009, alleged two counts against Target. The first count stated that a Target employee negligently watered plants in the Target garden center, creating a slippery surface and causing Dana Riess to slip, wrench her back and sustain severe and permanent injuries. The second count alleged that Christopher Riess lost the consortium of his wife Dana as a result of this incident.

Target removed this case to the District of New Jersey from the Superior Court of New Jersey on February 12, 2010.[1] Target filed a motion to transfer venue from the District of New Jersey to the Middle District of Florida on March 12, 2010. The Riesses filed a brief in opposition to Target's transfer of venue motion

---

[1] This Court has subject matter jurisdiction based upon diversity of citizenship.  28 U.S.C. § 1332.

on March 29, 2010.

## II.

Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to any other district where it might have been brought "[f]or the convenience of parties and witnesses [or] in the interest of justice." Venue is proper wherever a defendant corporation is subject to personal jurisdiction at the time the action is commenced and wherever "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391. In this case, venue is proper in both New Jersey and the Middle District of Florida.[2]

In the Third Circuit, to determine whether to transfer venue pursuant to § 1404(a), courts balance the private and public interest factors outlined in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995):

> With regard to the private interests, courts consider: (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may be unavailable for trial in one of the fora; and (6) the location of books and records, again, only to the extent that they may not be available in one of the fora.

*Coutz v. Geico Direct,* 2009 WL 210670 (D.Del. 2009) (quoting *Jumara*, 55 F.3d. at 879).

---

[2] Target is subject to personal jurisdiction in New Jersey based on minimum contacts. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

> With regard to the public interests, courts consider: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easier, quicker, or less expensive; (3) court congestion; (4) local interest in the controversy; (5) public policies of the fora; and (6) the trial judge's familiarity with the applicable state law.

*Id.*

In balancing these factors, "district courts [are vested] with broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." *Jumara*, 55 F.3d. at 883.

Courts in the Third Circuit treat the plaintiff's choice of venue as "a paramount consideration," *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970), particularly when he chooses his home forum. *Wm. H. McGee & Co. v. United Arab Shipping Co.*, 6 F. Supp. 2d 283, 289 (D.N.J. 1997). The defendant's choice of forum merits "considerably less weight than [p]laintiff's." *EVCO Tech. & Dev. Co. v. Precision Shooting Equip., Inc.*, 379 F. Supp. 2d 728, 730 (E.D. Pa 2005). In addition, the defendant bears the burden of persuasion and must tip the balance "strongly" in its favor. *Id.* (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

### III.

Target contends that this Court should grant its motion to transfer venue to the Middle District of Florida based solely on

4

the fact that the events giving rise to the claims occurred in that district. Brief in Support of Defendant's Motion to Have the Case Transferred at 6 (hereinafter Def. Br.). The fact that the events took place elsewhere reduces the weight assigned to a plaintiff's choice of forum, *Newcomb v. Daniels, Saltz, Mongeluzzi & Barrett, Ltd.*, 847 F.Supp. 1244, 1246 (D.N.J. 1994), but it is not dispositive, *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

Target points out that the public interest factors support its motion. Def. Br. at 7-8. Target is correct that it would be less efficient for a New Jersey court to apply Florida law. *Id.* Also, Florida has an interest in ensuring the safety of its business invitees by enforcing its own tort policies. However, these public interest factors do not outweigh the Riesses' private interests in keeping this matter in New Jersey.

This Court gives great weight to the Riesses' preference for their home forum of New Jersey. Although they visited Florida on vacation, pursuing litigation there would be a burden. Brief in Support of Plaintiffs' Opposition to Defendants' Motion to Have Matter Transferred at 7 (hereinafter Pl. Br.). In contrast, Target has the means to defend itself in New Jersey at little or no additional cost. Therefore, the preferences and relative convenience of the parties weigh against Target's motion to transfer venue.

5

Target has not demonstrated that hearing this case in New Jersey will be significantly less efficient. The additional discovery costs, if any, will be minimal, particularly since at least part of the incident was caught on tape. Pl. Br. at 4. The parties can take depositions electronically for the few witnesses who reside in Florida. Moreover, while it is too early to know whether the litigation will focus on the nature and extent of injuries, as the Riesses allege, evidence relevant to a dispute on that issue is located in New Jersey, not Florida. *Id.* at 4-5.

Based on an analysis of the private and public interest factors in this case,[3] this Court will deny Target's motion to transfer venue to the United States District Court for the Middle District of Florida. The Court will issue an appropriate order.


June 15, 2010                                    s/ Joseph E. Irenas
                                                 **JOSEPH E. IRENAS, S.U.S.D.J.**

---

[3]This Court has considered the authority Target has identified in support of its motion. *See, e.g., Gambil v. Wal-Mart Stores, Inc.,* No. 08-4297, 2009 WL 90137 (D.N.J. Jan. 12, 2009); *Lauria v. Mandalay Corp.*, No. 07-817(GEB)(TJB), 2008 WL 3887608 (D.N.J. Aug. 18, 2008). This Court still considers the Riesses' private interests to outweigh the countervailing factors.